IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHAPCO, INC. and SAMSARA, LLC | : | CIVIL ACTION No. |
| Plaintiffs, | : | |
| v. | : | |
| WOODWAY USA, Inc. | : | |
| Defendant. | : | NOVEMBER 16, 2015 |

**COMPLAINT**

Plaintiffs Chapco, Inc. ("Chapco") and Samsara, LLC ("Samsara") for their Complaint for Declaratory Judgment of non-infringement and invalidity against Woodway USA, Inc. ("Woodway"), allege as follows:

**PARTIES**

1. Plaintiff Chapco is a Connecticut corporation with its principal place of business in Chester, Connecticut. Chapco specializes in product engineering and development, contract manufacturing, metal fabrication and assembly.

2. Plaintiff Samsara, LLC is a limited liability company organized under the laws of the State of Connecticut, with its principal place of business in Chester, Connecticut. Samsara sells human-powered treadmills.

3. Upon information and belief, Woodway is Wisconsin corporation with a principal place of business in Waukesha, Wisconsin.

**JURISDICTION AND VENUE**

4. This is an action for declaratory relief brought under 28 U.S.C. §§ 2201 *et seq.*

and under the patent laws of the United States, 35 U.S.C. § 1, *et seq.* seeking a declaration of non-infringement and invalidity of U.S. Patent Nos. 8,986,169 (the "'169 patent") and 9,039,580 (the "'580 patent").

5. This action is filed to resolve an actual and justiciable controversy between the parties hereto. Defendant's conduct has put, and continues to put, Plaintiffs under a reasonable apprehension of imminent suit alleging that the manufacture, use, sale, and/or offer for sale of TrueForm Runner treadmill products infringes the '169 patent and the '580 patent. As set forth in herein, there is a conflict of asserted rights among the parties and an actual controversy exists between Plaintiffs and the Defendant with respect to the infringement, validity and scope of the '169 patent and the '580 patent.

6. This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Woodway because Woodway is doing business in this forum and has purposefully directed contacts here. Among other contacts, in or about March, 2015, Woodway sent correspondence to Samsara and Chapco in Connecticut and to their customers, alleging patent infringement and threatening legal action involving certain human-powered treadmills Samsara offered for sale under the name "TrueForm Runner." Shortly thereafter, Woodway contacted Plaintiffs' customers, including customers in Connecticut (e.g., Pursuit Athletic Performance in Chester), and represented that it "rescinded" its threat. Recently, Woodway again began threatening Chapco and Samsara with patent infringement and made a number of demands to their customers, including customers in Connecticut. In addition, upon information and belief, Woodway offers its products, including human-powered treadmills,

for sale on line to residents of Connecticut and sells products, including human-powered treadmills, directly into Connecticut to, for example, UConn; ESPN headquarters in Connecticut; and at least one hotel in Connecticut.

8. Venue over this action is proper pursuant to 28 U.S.C. §§ 1391 and 1400 as Defendant seeks to restrict Plaintiffs' business operations, and a substantial part of the events giving rise to Plaintiffs' claims against Woodway occurred in this District. Plaintiffs manufacture, sell and/or offer for sale the purportedly infringing products in this District and received multiple threats of litigation and cease-and-desist letters from Woodway in this District. Venue is also proper in this District because upon information and belief, Woodway distributes, promotes and/or sells its products, including human-powered treadmills, in this District.

## WOODWAY'S ALLEGED PATENTS-IN-SUIT

9. Upon information and belief, Woodway claims to be the assignee and owner of all right, title and interest in and to the '169 patent, entitled "Manual Treadmill and Methods of Operating the Same." (A true copy of the '169 patent is attached hereto as Exhibit 1.)

10. Upon information and belief, Woodway also claims to be the assignee and owner of all right, title and interest in and to the'580 patent, entitled "Manual Treadmill and Methods of Operating the Same." (A true copy of the '580 patent is attached hereto as Exhibit 2.)

## FACTS

11. Not later than the early 1900's, human-powered treadmills were conceived. For example, U.S. Patent No. 1,211,765, entitled "Health Exerciser," issued in 1917 and discloses and claims a human-powered (i.e. non-motorized) treadmill with a flexible tread, frame, and a pair of front and rear shafts/rollers:




(Exhibit 3.)

12. Prior to the filing of the applications that matured into the '169 patent and the '580 patent, human-powered (i.e. non-motorized) treadmills with a frame, a pair of shafts, and a running belt were known and/or used by others in this country, and/or patented or described in a printed publication in this or a foreign country, and/or were in public use or on sale in this country, rendering the '169 patent and the '580 patent invalid. Nevertheless, Woodway seeks to use the '169 patent and the '580 patent for anti-competitive purposes to threaten Plaintiffs and interfere with Plaintiffs' current and prospective customer relationships.

## THE '169 PATENT

13. The application that matured into the '169 patent was filed in the United States Patent and Trademark Office (the "PTO") on or about April 2, 2014. The application described the purported invention, in part, as a manually operated treadmill that includes a treadmill frame, front and rear shafts coupled to the treadmill frame, and a running belt.



FIG. 1

14. While the application was pending in the PTO, and in response to Examiner rejections during the course of the application's prosecution, the independent claims were amended, narrowed and cancelled. The patent, with amended claims, issued on March 24, 2015.

15. All of the limitations of the purported invention claimed in the '169 patent are present in prior art references that were available sufficiently prior so as to render the claims invalid as anticipated under 35 U.S.C. § 102 and/or obvious under 35 U.S.C. § 103.

16. Multiple times in 2015, Woodway has accused Plaintiffs and Plaintiffs' customers of infringing the '169 patent by selling and/or offering for sale "TrueForm Runner" treadmills and demanded that all sales, promotional and distribution activity cease, all references to the "TrueForm Runner" be destroyed, and all treadmills be returned to Samsara in Connecticut.

17. Upon information and belief, the "TrueForm Runner" does not infringe the '169 patent because, *inter alia*, it does not meet the limitations of the claims, as amended.

18. Accordingly, an actual justiciable controversy has arisen and exists between Plaintiffs and Woodway concerning the infringement and invalidity of the '169 patent.

**THE '580 PATENT**

19. The application that matured into the '580 patent was filed in the PTO on or about March 13, 2015. The application was a continuation of the '169 patent.

20. On May 26, 2015, the '580 patent issued.

21. All of the limitations of the purported invention claimed in the '580 patent are present in prior art references that were available sufficiently prior so as to render the claims invalid as anticipated under 35 U.S.C. § 102 and/or obvious under 35 U.S.C. § 103.

22. In 2015, Woodway has accused Plaintiffs and Plaintiffs' customers of infringing the '580 patent by selling and/or offering for sale "TrueForm Runner" treadmills and demanded that all sales, promotional and distribution activity cease, all references to the "TrueForm Runner" be destroyed, and all treadmills be returned to Samsara in Connecticut.

23. Upon information and belief, the "True Form Runner" does not infringe the '580 patent.

24. Accordingly, an actual justiciable controversy has arisen and exists between Plaintiffs and Woodway concerning the infringement and invalidity of the '580 patent.

**COUNT I**
**Declaratory Judgment of**
**Noninfringement of the '169 Patent**

25. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 24 as if fully set forth herein.

26. There is a real, immediate, substantial and justiciable controversy between Plaintiffs, on the one hand, and Woodway, on the other, concerning whether the manufacture, use, sale and offering for sale of the 'TrueForm Runner" human powered treadmills infringe any valid and enforceable claim of the '169 patent.

27. Plaintiffs deny that they make, sell, offer for sale and/or use products that infringe any valid claim of the '169 patent.

28. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq.*, Plaintiffs are entitled to a judicial declaration that the manufacture, use, sale, and/or offering for sale of its human-powered treadmill product does not infringe, directly or indirectly, any valid claim of the '169 patent.

**COUNT II**
**Declaratory Judgment of**
**Invalidity of the '169 Patent**

29. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 28 as if fully set forth herein.

30. Plaintiffs deny that they infringe any valid and enforceable claim of the '169 patent and aver that the assertions of infringement cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under at least one of 35 U.S.C. §§ 102, 103, and 112.

31. There is a real, immediate, substantial and justiciable controversy between Plaintiffs, on the one hand, and Woodway, on the other, concerning whether the claims of the

'169 patent are invalid for failure to comply with the statutory prerequisites of Title 35 of the United States Code, including, without limitation, one or more of §§ 102, 103 and/or 112.

32. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq.*, Plaintiffs are entitled to a judicial declaration that the claims of the '169 patent are invalid.

**COUNT III**
**Declaratory Judgment of**
**Noninfringement of the '580 Patent**

33. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 32 as if fully set forth herein.

34. There is a real, immediate, substantial and justiciable controversy between Plaintiffs, on the one hand, and Woodway, on the other, concerning whether the manufacture, use, sale and offering for sale of the 'TrueForm Runner" human powered treadmills infringe any valid and enforceable claim of the '580 patent.

35. Plaintiffs deny that they make, sell, offer for sale and/or use products that infringe any valid claim of the '580 patent.

36. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq.*, Plaintiffs are entitled to a judicial declaration that the manufacture, use, sale, and/or offering for sale of its human-powered treadmill product does not infringe, directly or indirectly, any valid claim of the '580 patent.

**COUNT IV**
**Declaratory Judgment of**
**Invalidity of the '580 Patent**

37. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1

through 36 as if fully set forth herein.

38. Plaintiffs deny that they infringe any valid and enforceable claim of the '169 patent and aver that the assertions of infringement cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under at least one of 35 U.S.C. §§ 102, 103, and 112.

39. There is a real, immediate, substantial and justiciable controversy between Plaintiffs, on the one hand, and Woodway, on the other, concerning whether the claims of the '580 patent are invalid for failure to comply with the statutory prerequisites of Title 35 of the United States Code, including, without limitation, one or more of §§ 102, 103 and/or 112.

40. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq.*, Plaintiffs are entitled to a judicial declaration that the claims of the '580 patent are invalid.

**RELIEF REQUESTED**

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendant as follows:

A. A declaration that the human-powered treadmill Plaintiffs manufacture, use, sell, and/or offer for sale as the "True Form Runner" does not infringe the '169 patent, and that Plaintiffs, by their actions, neither infringe, induce nor contribute to the infringement of the '169 patent by others;

B. A declaration that the '169 patent is invalid under one or more provisions of Title 35 U.S. Code, §§ 102, 103 and/or 112;

C. Entry of a permanent injunction enjoining and restraining Woodway, its agents, servants, officers, directors, employees, attorneys, privies, representatives, successors, assigns, and parent and subsidiary entities, and any and all persons in act of concert or participation with any of them, from:

(1) threatening to assert or asserting any of the '169 patent or any patent based thereon against Plaintiffs, their agents, distributors, employees, or customers;

(2) from interfering with, or threatening to interfere with the use of any Plaintiffs' products by Plaintiffs, their customers, distributors, predecessors, successors or assigns; and

(3) from making any claims to any person or entity that any product of Plaintiffs infringes the '169 patent;

D. A declaration that the human-powered treadmill Plaintiffs manufacture, use, sell, and/or offer for sale as the "True Form Runner" does not infringe the '580 patent, and that

Plaintiffs, by their actions, neither infringe, induce nor contribute to the infringement of the '580 patent by others;

E. A declaration that the '580 patent is invalid under one or more provisions of Title 35 U.S. Code, §§ 102, 103 and/or 112;

F. Entry of a permanent injunction enjoining and restraining Woodway, its agents, servants, officers, directors, employees, attorneys, privies, representatives, successors, assigns, and parent and subsidiary entities, and any and all persons in act of concert or participation with any of them, from:

(1) threatening to assert or asserting any of the '580 patent or any patent based thereon against Plaintiffs, their agents, distributors, employees, or customers;

(2) from interfering with, or threatening to interfere with the use of any Plaintiffs' products by Plaintiffs, their customers, distributors, predecessors, successors or assigns; and

(3) from making any claims to any person or entity that any product of Plaintiffs infringes the '580 patent;

G. Entry of an Order of this Court assessing all costs associated with this action to Plaintiffs;

H. Entry of an Order of this Court declaring this case exceptional and awarding Plaintiffs reasonable attorneys' fees; and

I. All other relief, both interim and permanent, as is just and proper.

**PLAINTIFFS HEREBY DEMANDS A TRIAL BY JURY FOR ALL ISSUES SO TRIABLE.**

CHAPCO, INC. and SAMSARA, LLC
By Their Attorneys

Christine K. Bush *(pro hac vice to be filed)*
Alexa Millinger T. Millinger (ct29800)
Hinckley, Allen & Snyder LLP
20 Church Street
Hartford, CT 06103
(860) 725-6200
cbush@hinckleyallen.com
amillinger@hinckleyallen.com